```
IN THE UNITED STATES DISTRICT COURT

      FOR THE DISTRICT OF ARIZONA
```

| | |
|---|---|
| Efrin Osuna Chavez, | ) |
| | ) |
| Petitioner, | ) CIV 14-0990 PHX JAT (MEA) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| Charles L. Ryan, et al., | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

**TO THE HONORABLE JAMES A. TEILBORG:**

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about May 5, 2014. Respondents filed a Limited Answer to First Amended Petition for Writ of Habeas Corpus ("Answer") (Doc. 9) on June 19, 2014. Petitioner filed a reply to the answer to his petition on July 8, 2014. See Doc. 10.

**I Procedural History**

An grand jury indictment returned against Petitioner and several co-defendants on November 19, 2007, in Maricopa County Superior Court, charged Petitioner with three counts of kidnapping, each classified as a class 2 dangerous felony (Counts 1–3); one count of aggravated assault, alleged as a class 3 dangerous felony (Count 4); three counts of theft by extortion, each classified as a class 2 dangerous felony (Counts

5-7); one count of smuggling, a class 4 felony (Count 8); and misconduct involving weapons, a class 4 felony (Count 9). See Answer, Exh. A. The charges were related to Petitioner's involvement in operating what is known as a "drop house" for illegal migrants in the Phoenix, Arizona, metropolitan area.

At the conclusion of a jury trial, Petitioner was found guilty as charged on Counts 1 through 8. Id., Exh. C at 2-4 & Exh. B at 6-7. The jury could not reach a unanimous decision on Count 9, and, as a result, the state dismissed that count against Petitioner. Id., Exh. B at 7-8. The trial court subsequently sentenced Petitioner to various consecutive and concurrent sentences of seven and five years imprisonment, comprising an aggregate sentence of twenty-six years imprisonment. Id., Exh. D.

Petitioner took a timely direct appeal of his convictions and sentences. Id., Exh. E. Petitioner's appointed counsel submitted an Anders brief to the court, averring he could not find any arguable claim to raise on Petitioner's behalf. Id., Exh. F at 2. Petitioner "was afforded the opportunity to file a supplemental brief in propria persona," but did not file such a brief. Id., Exh. F. On March 2, 2010, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences, while correcting a discrepancy in the record. Id., Exh. F. Petitioner did not seek review of this decision by the Arizona Supreme Court. Id., Exh. G.

On September 15, 2011, Petitioner docketed a notice of intent to seek state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. H. The state trial court noted that Petitioner's notice was not timely but, nonetheless, the court appointed counsel to "investigate the potential claims that may entitle [Petitioner] to post-conviction relief." Id., Exh. I at 2. Petitioner's appointed post-conviction counsel reviewed the record and averred to the court he could not find any colorable claims to raise on Petitioner's behalf. Id., Exh. J at 1-2. Petitioner filed a pro se petition in his Rule 32 action, asserting he was denied the effective assistance of counsel in his trial proceedings. Id., Exh. K. Petitioner subsequent sought to amend his Rule 32 pleading, asserting he had failed to include "2 additional grounds that were omitted along with 2 exhibits." Id., Exh. M at 1. Petitioner also asserted that he wanted to raise a newly-discovered-evidence claim under Rule 32.1(e) and that his failure to timely file his Rule 32 action was not due to his own error, citing Rule 32.1(f). Id., Exh. M at 2.

In a decision entered August 23, 2012, the state trial court dismissed Petitioner's Rule 32 action as both untimely and for failing to state a colorable claim for relief. Id., Exh. N. Petitioner sought review of this decision by the Arizona Court of Appeals, which granted review and denied relief in a decision entered December 23, 2013. Id., Exh. P. The appellate court concluded that the petition was not timely and, as a result, that Petitioner's claims of ineffective assistance of counsel

-3-

were precluded. Id., Exh. P at 3-5. The appellate court also concluded that Petitioner had abandoned his claim of newly discovered evidence, and further found that a claim under Rule 32.1(f) was not cognizable because Petitioner was not a "pleading defendant." Id., Exh. P at 4 & n.2.

## II Analysis

### Statute of limitations

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Petitioner did not petition the Arizona Supreme Court for review of the Arizona Court of Appeals' March 2, 2010,

-4-

decision affirming his convictions and sentences in his direct appeal. Petitioner's convictions and sentences became final, therefore, on April 2, 2010, when the time expired to seek review of the Court of Appeals' decision denying relief in Petitioner's direct appeal. See, e.g., Bowen v. Roe, 188 F.3d 1157, 1159-60 (9th Cir. 1999). Accordingly, the one-year statute of limitations began to run on April 2, 2010, and expired on April 2, 2011, unless statutorily tolled.

The limitations period may be statutorily tolled by a properly-filed state action for post-conviction relief. See, e.g., Patterson v. Stewart, 251 F.3d 1243, 1245–46 (9th Cir. 2001). Petitioner's state Rule 32 action, filed in September of 2011, after the statute of limitations with regard to his federal habeas action expired, could not and did not restart the statute of limitations with regard to Petitioner's action for federal habeas relief. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814 (2005); Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010)

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 130 S. Ct. 2549, 2554, 2562 (2010); Bills v. Clark, 628 F.3d 1092, 1096-97 (9th Cir. 2010). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15

(2005). See also Ford v. Gonzalez, 683 F.3d 1230, 1237 (9th Cir. 2012); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011-14 (9th Cir. 2009). In Holland the Supreme Court eschewed a "mechanical rule" for determining extraordinary circumstances, while endorsing a flexible, "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." Bills, 628 F.3d at 1096-97.

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Chaffer v. Prosper, 592 F.3d 1046, 1048-49 (9th Cir. 2010); Porter, 620 F.3d at 959; Waldron-Ramsey, 556 F.3d at 1011-14 & n.4; Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir. 2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. See Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual innocence of the crimes of conviction. See Lee v. Lampert, 653 F.3d 929, 933-34 (9th Cir. 2011).

Equitable tolling is to be rarely granted. See, e.g., Waldron-Ramsey, 556 F.3d at 1011; Jones v. Hulick, 449 F.3d 784,

-6-

789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000). Equitable tolling is inappropriate in most cases and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter, 620 F.3d at 959. It is Petitioner's burden to establish that equitable tolling is warranted in his case. See, e.g., Porter, 620 F.3d at 959; Espinoza Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2004); Gaston, 417 F.3d at 1034.

In reply to the response to his habeas petition, Petitioner asserts that his first Rule 32 action was "of right" and was considered by the state court to be timely, that his claims are not procedurally defaulted and that any failure to timely file his state Rule 32 action was attributable to his counsel. Petitioner also avers that he is not trained in the law and that he is not an American citizen and, therefore, that he is unfamiliar with the American legal system. Petitioner further acknowledges that he has only a sixth-grade education. Petitioner further asserts his federal habeas action is timely because it was filed within five months of the last state-court order in his Rule 32 action.

Petitioner has not stated an adequate basis for equitable tolling of the statute of limitations. Compare Holland, 130 S. Ct. at 2564; Porter, 620 F.3d at 961 (noting the

-7-

circumstances of cases determined before and after Holland). A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Chaffer, 592 F.3d at 1048-49; Waldron-Ramsey, 556 F.3d at 1011-14; Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). The vicissitudes of prison life are not "extraordinary" circumstances that make it impossible to file a timely habeas petition. See, e.g., Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

The Ninth Circuit Court of Appeals has held that a petitioner is entitled to tolling of the statute of limitations if they can establish that they are actually innocent of the crimes of conviction. See Lee, 653 F.3d at 934. The petitioner must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 938. Petitioner has not made a showing of actual innocence. Accordingly, Petitioner is not entitled to tolling of the statute of limitations based on the theory of actual innocence.

Because the habeas action was not filed within the statute of limitations and Petitioner has not stated a proper basis for equitable tolling of the statute of limitations, the Court need not consider the merits of his claims.

### III Conclusion

Petitioner did not file the habeas petition within one year of the date his state conviction became final. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations.

**IT IS THEREFORE RECOMMENDED that** Mr. Osuna Chavez' Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114,

-9-

1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 10th day of July, 2014.

_____
Mark E. Aspey
United States Magistrate Judge