**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Efrin Osuna-Chavez,<br><br>                Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-14-00990-PHX-JAT (MEA)<br><br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 11 at 9). The R&R further recommended that a Certificate of Appealability be denied. (*Id.* at 10).

**I.     REVIEW OF AN R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28

U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made"). In this case, Petitioner filed Objections to the Report and Recommendation (Doc. 12), and the Court will review those objections de novo.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The R&R summarized the factual and procedural history and neither party objected to this history. (Doc. 11 at 1–4). Therefore, the Court adopts that portion of the R&R in this case. That history is as follows:

> [A] grand jury indictment returned against Petitioner and several co-defendants on November 19, 2007, in Maricopa County Superior Court, charged Petitioner with three counts of kidnapping, each classified as a class 2 dangerous felony (Counts 1–3); one count of aggravated assault, alleged as a class 3 dangerous felony (Count 4); three counts of theft by extortion, each classified as a class 2 dangerous felony (Counts5–7); one count of smuggling, a class 4 felony (Count 8); and misconduct involving weapons, a class 4 felony (Count 9). *See* Answer, Exh. A. The charges were related to Petitioner's involvement in operating what is known as a "drop house" for illegal migrants in the Phoenix, Arizona, metropolitan area.
>
> At the conclusion of a jury trial, Petitioner was found guilty as charged on Counts 1 through 8. *Id.*, Exh. C at 2-4 & Exh. B at 6-7. The jury could not reach a unanimous decision on Count 9, and, as a result, the state dismissed that count against Petitioner. *Id.*, Exh. B at 7-8. The trial court subsequently sentenced Petitioner to various consecutive and concurrent sentences of seven and five years imprisonment, comprising an aggregate sentence of twenty-six years imprisonment. *Id.*, Exh. D.
>
> Petitioner took a timely direct appeal of his convictions and sentences. *Id.*, Exh. E. Petitioner's appointed counsel submitted an *Anders* brief to the court, averring he could not find any arguable claim to raise on Petitioner's behalf. *Id.*, Exh. F at 2. Petitioner "was afforded the opportunity to file a supplemental brief in propria persona," but did not file such a brief. *Id.*, Exh. F. On March 2, 2010, the Arizona Court of Appeals issued a memorandum decision affirming Petitioner's convictions and sentences, while

correcting a discrepancy in the record. *Id.*, Exh. F. Petitioner did not seek review of this decision by the Arizona Supreme Court. *Id.*, Exh. G.

On September 15, 2011, Petitioner docketed a notice of intent to seek state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. *Id.*, Exh. H. The state trial court noted that Petitioner's notice was not timely but, nonetheless, the court appointed counsel to "investigate the potential claims that may entitle [Petitioner] to post-conviction relief." *Id.*, Exh. I at 2. Petitioner's appointed post-conviction counsel reviewed the record and averred to the court he could not find any colorable claims to raise on Petitioner's behalf. *Id.*, Exh. J at 1-2. Petitioner filed a pro se petition in his Rule 32 action, asserting he was denied the effective assistance of counsel in his trial proceedings. *Id.*, Exh. K. Petitioner subsequent[ly] sought to amend his Rule 32 pleading, asserting he had failed to include "2 additional grounds that were omitted along with 2 exhibits." *Id.*, Exh. M at 1. Petitioner also asserted that he wanted to raise a newly-discovered-evidence claim under Rule 32.1(e) and that his failure to timely file his Rule 32 action was not due to his own error, citing Rule 32.1(f). *Id.*, Exh. M at 2.

In a decision entered August 23, 2012, the state trial court dismissed Petitioner's Rule 32 action as both untimely and for failing to state a colorable claim for relief. *Id.*, Exh. N. Petitioner sought review of this decision by the Arizona Court of Appeals, which granted review and denied relief in a decision entered December 23, 2013. *Id.*, Exh. P. The appellate court concluded that the petition was not timely and, as a result, that Petitioner's claims of ineffective assistance of counsel were precluded. *Id.*, Exh. P at 3-5. The appellate court also concluded that Petitioner had abandoned his claim of newly discovered evidence, and further found that a claim under Rule 32.1(f) was not cognizable because Petitioner was not a "pleading defendant." *Id.*, Exh. P at 4 & n.2.

(Doc. 11 at 1–4).

**III.    R&R**

As indicated above, on July 10, 2014, the Magistrate Judge issued an R&R recommending that the Petition be denied as barred by the AEDPA's statute of limitations. (*Id.* at 1–9). As explained by the Magistrate Judge, the AEDPA, 28 U.S.C.

§ 2241(d)(1), provides a one year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 4 (citing *Espinoza Matthews v. California*, 432 F.3d 1021, 1025 (9th Cir. 2005); *Lott v. Mueller*, 304 F.3d 918, 920 (9th Cir. 2002))). That period generally commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." (*Id.* at 4 (quoting 28 U.S.C. § 2244(d)(1)(A))). Examining Petitioner's procedural history in state court, the Magistrate Judge concluded that Petitioner's conviction became final on April 2, 2010. (*Id.* at 5). That is when Petitioner's time to seek review of the Arizona Court of Appeals' March 2, 2010 decision affirming his convictions and sentences in his direct appeal expired. (*Id.* at 4–5). The Magistrate Judge determined that this is when the one-year statute of limitations began to run, thus expiring on April 2, 2011, absent any statutory tolling. (*Id.* at 5).

In regard to statutory tolling, the Magistrate Judge explained that "a petitioner is entitled to tolling of the statute of limitations during the pendency of a 'properly-filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim.'" (*Id.* at 4 (quoting 28 U.S.C. §2244(d)(2)). Petitioner's state Rule 32 action, however, was filed in September, 2011, after the limitations period for his federal habeas petitions expired. (*Id.* at 5). The Magistrate Judge concluded that, accordingly, this action "could not and did not restart the statute of limitations with regard to Petitioner's action for federal habeas relief." (*Id.*).

Turning to equitable tolling, the Magistrate Judge explained that a petitioner seeking equitable tolling of the limitations period "must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" (*Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Magistrate Judge determined that Petitioner did not state "an adequate basis for equitable tolling of the statute of limitations." (*Id.* at 7). The Magistrate Judge explained that Petitioner failed the second prong of this test because the circumstances that Petitioner claims previously impeded his pursuit of his rights are not "'extraordinary' circumstances

that make it impossible to file a timely habeas petition." (*Id.* at 8).

Finally, regarding a claim of actual innocence, the Magistrate Judge noted that a credible showing of Petitioner's actual innocence of the crimes of conviction would entitle him to an equitable exception to the statute of limitations. (*Id.* (citing *Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011) (en banc))). To qualify for such an exception, a "petitioner must show 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" (*Id.* (quoting *Lee*, 653 F.3d at 938)). The Magistrate Judge found that Petitioner made no showing of actual innocence and is therefore not entitled to any such exception to the statute of limitations based on an actual innocence theory. (*Id.*).

Based on Petitioner's failure to file his habeas action within the statute of limitations and the finding that Petitioner failed to state a sufficient basis for statutory or equitable tolling of the statute of limitations, the Magistrate Judge determined that he need not consider the merits of Petitioner's claims. (*Id.*).

## IV.   PETITIONER'S OBJECTIONS

Petitioner does not object to the Magistrate Judge's application of the AEDPA's statute of limitations to his procedural history and the Court adopts those recommendations. Rather, Petitioner objects to the Magistrate Judge's conclusion that the AEDPA one-year statute of limitations expired because Petitioner failed to establish that statutory and equitable tolling should apply. (Doc. 12 at 2, 6).

### A.   Statutory Tolling

Petitioner argues that he is entitled statutory tolling of the AEDPA statute of limitations during the time that his notice of intent to seek post-conviction relief and subsequent Rule 32 petition were pending in state courts. (*Id.* at 6). In support of this contention, Petitioner puts forth arguments in an attempt to establish that the notice of intent to seek post-conviction relief was properly filed. (*Id.* at 3–6). For example, Petitioner argues that his filing of the notice was timely and that both the Arizona Superior Court and the Arizona Court of Appeals erred in holding to the contrary. (*Id.* at

3–6). Petitioner further argues that the Arizona appellate court erred when it ruled that his claim pursuant to Arizona Rule of Criminal Procedure 32.1(f) was not cognizable because Petitioner is not a pleading defendant. (*Id.* at 3–4). Petitioner contends that the Magistrate Judge erroneously "relies" on these state court findings in the R&R. (*Id.* at 3).

However, although the R&R does make reference to the state court findings that Petitioner disputes, it does so only in the context of setting out the factual and procedural background of the case. (Doc. 11 at 3–4). The Magistrate Judge did not rely on these findings in determining that Petitioner is not entitled to statutory tolling. (*Id.* at 5). The Magistrate Judge points out that "Petitioner's convictions and sentences became final on April 2, 2010, when the time expired to seek review of the Court of Appeals' decision denying relief in Petitioner's direct appeal." (*Id.* (citing *Bowen v. Roe*, 188 F.3d 1557, 1159, 1160 (9th Cir. 1999). "Accordingly, the statute of limitations began to run on April 2, 2010, and expired on April 2, 2011." (*Id.*). Petitioner did not file his notice of intent to seek post-conviction relief until September 2011, several months past the expiration of the statute of limitations. (*Id.*). Therefore, the Magistrate Judge made no determination as to whether Petitioner's notice and subsequent petition for post-conviction relief were properly filed—and thus served as grounds for statutory tolling—because the AEDPA statute of limitations expired prior to either of those filings. (*Id.*). Even if valid, a state filing made after the statute of limitations expired cannot restart the statute of limitations with regard to a petitioner's action for federal habeas relief. *See, e.g.*, *Pace*, 544 U.S. at 417; *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011). Accordingly, Petitioner has not made sufficient allegations to qualify for statutory tolling of the statute of limitations.

**B.     Equitable Tolling**

Petitioner also argues that he is entitled to equitable tolling of the AEDPA statute of limitations and objects to the Magistrate Judge's finding to the contrary in the R&R. (Doc. 12 at 2, 6). In support of this objection, Petitioner relies on the same arguments he puts forth his objection to the Magistrate Judge's finding that statutory tolling does not

apply, including that the state courts' erred in finding his notice of intent to file for post-conviction relief was untimely. (*Id.* at 3−6). Petitioner further argues that the only reason that he filed his notice of intent late was that Petitioner's appointed counsel failed to file it despite his requests for her to do so (*Id.* at 3, 5). Petitioner contends that his counsel's failure was thus beyond his control and entitles Petitioner to equitable tolling of the AEDPA statute of limitations. (*Id.* at 3, 5−6).

As stated above, in order for Petitioner to qualify for equitable tolling, he must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace*, 544 U.S. at 418. The Supreme Court has held that there is no right to legal assistance in seeking any type of post-conviction relief, and, as a result, lack of legal assistance in seeking post-conviction relief cannot form the basis for equitable tolling. *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post[-]conviction context where prisoners have no constitutional right to counsel."). Petitioner's counsel's alleged failure thus cannot qualify as the "extraordinary circumstances" that made it "impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010).

Furthermore, even if Petitioner's counsel did fail to follow his request to file the notice, this argument does not explain why well more than a year passed by before Petitioner filed the notice with the Superior Court. Petitioner filed the notice of intent to seek post-conviction relief in September 2011, whereas the Court of Appeals issued the mandate affirming Petitioner's conviction and sentencing issued in April 2010. (Doc. 11 at 2–3). Thus, Petitioner has failed to establish that "he has been pursuing his rights diligently." *Pace*, 544 U.S. at 418. As the Magistrate Judge stated in the R&R, "A petitioner's pro se status, ignorance of the law, and lack of legal representation during the applicable filing period do not constitute circumstances justifying equitable tolling because such circumstances are not 'extraordinary.'" (Doc. 11 at 8 (citing *Chaffer v. Prosper*, 592 F.3d 1046, 1048−49 (9th Cir. 2010); *Waldron-Ramsey v. Pacholke*, 556

F.3d 1008, 1011–14 (9th Cir. 2006); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004)). Thus, Petitioner has not made sufficient allegations regarding extraordinary circumstances or his diligence to qualify for equitable tolling of the statute of limitations. Accordingly, Petitioner is not entitled to equitable tolling based on his trial counsel's alleged failure to file his notice for post-conviction relief when he so requested.

V. **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 11) is accepted and adopted; the objections (Doc. 12) are overruled. The petition is denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability, because dismissal of the Petition is based on a plain procedural bar, and jurists of reason would not find this Court's procedural ruling debatable. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Dated this 29th day of August, 2014.

James A. Teilborg
Senior United States District Judge